### BENNETT v. UNITED STATES.
### Civ. A. No. 1027.

United States District Court

M. D. Tennessee, Nashville Division.
Nov. 30, 1950.

Findings of Fact.

1. The plaintiff is the duly qualified and acting administratrix of the estate of her deceased husband Herschel Bennett, who died on February 13, 1949, as a result of severe personal injuries received on the afternoon of January 29, 1949. Said injuries were inflicted by an employee of the Government, to wit, a member of the Army while acting in line of duty and within the scope of his employment. Said employee negligently drove a 2½ ton Army truck out of a stop street into an arterial highway upon which the said Herschel Bennett was lawfully proceeding and struck Bennett's car in the side, inflicting the injuries from which he died. It was daylight and visibility was good for approximately one-fourth of a mile in the direction from which Bennett was traveling and no reason is assigned for the truck driver's failure to see the Bennett car except the existence of curtains on the Government truck which were cracked, discolored, in bad condition, and difficult to see through.

2. Mr. Bennett was 45 years of age, had a life expectance in excess of 27 years, was industrious, of good habits, and had a substantial earning capacity in excess of $250 per month. He sustained painful and severe injuries from which he suffered for approximately two weeks before he died. Substantial property damage to his car was sustained, and funeral and other expenses as shown in the proof were incurred. He is survived by his widow and six children for whose benefit this action is maintained as provided in Tennessee Code Sections 8236–8243. Three of the children are minors.

Conclusions of Law.

1. From the evidence the Court concludes that the defendant through its employee acting within the scope of his employment was guilty of negligence which proximately caused the injuries and death of the plaintiff's intestate. Said employee's visibility was unobstructed and he was bound to see what he should have seen in the exercise of ordinary care and had he done so the accident would not have occurred.

John D. Sprouse and John R. Long, Springfield, Tenn., and J. O. Bass, Nashville, Tenn., for plaintiff.

Dick L. Johnson, Asst. U. S. Atty., Nashville, Tenn., for defendant.

DAVIES, District Judge.

The above entitled cause was heard before the Court on the 24th day of November, 1950.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its findings of fact and conclusions of law, as follows:

8

2. There is no evidence whatever of any contributory negligence, proximate or otherwise, and therefore there are no circumstances to mitigate the amount of damages. The burden of proving any contributory negligence was on the defendant, there being a presumption under Tennessee law that the deceased man was in compliance with law and was in the exercise of ordinary care at the time of his death.

3. The plaintiff is entitled to recover for the mental and physical suffering, loss of time and necessary expenses resulting to the deceased from the injuries and the property damage sustained by the deceased. In addition the plaintiff for the benefit of herself and children is entitled to recover the pecuniary value of the life of the deceased determined upon a consideration of his expectancy of life, his age, condition of health, earning capacity, personal habits, and other pertinent facts.

4. The court therefore concludes that the plaintiff is entitled to recover damages from the defendant in the sum of $40,000, for which, judgment will accordingly be entered.